The document below is hereby signed.

Signed: April 28, 2020



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANKLIN CALVIN GASKINS, JR., | ) ) | Case No. 18-00442 (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
(1) DISAPPROVING THE TRUSTEE'S FINAL REPORT AND
(2) DIRECTING THE DEBTOR AND THE IRS TO SHOW CAUSE
(A) WHY THE CLAIM THE DEBTOR FILED ON BEHALF OF THE
IRS FOR THE YEAR 2018 OUGHT NOT BE REDUCED TO $2,062.00
AND (B) WHY THE CLAIM FOR THE YEAR 2018 ASSERTED IN THE
IRS'S AMENDED PROOF OF CLAIM OUGHT NOT BE (I) DISALLOWED AS
DUPLICATIVE OF THE PROOF OF CLAIM THE DEBTOR FILED AND, IN
ANY EVENT, (II) TREATED AS A TARDILY FILED CLAIM NOT ENTITLED
TO PAYMENT AS A PRIORITY TAX CLAIM UNDER 11 U.S.C. § 726(a)(1)(A)

The Chapter 7 trustee has responded to the court's *Order Directing Trustee to Show Cause Why Court Ought Not Disapprove Final Report* by noting that the debtor's filing on November 11, 2019, of a proof of claim on behalf of the Internal Revenue Service ("IRS") was not timely under Fed. R. Bankr. P. 3004. However, tardiness does not warrant not ordering payment of that priority tax claim. As provided in 11 U.S.C. § 726(a)(1)(A) (mis-cited in the *Order to Show Cause* as § 725(a)(1)(A)):

property of the estate shall be distributed--

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of--

(A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report[.]

The trustee mailed the summary of the trustee's final report to creditors on March 17, 2020.  Accordingly, the proof of claim, although filed tardily, was filed before the mailing of the summary of the trustee's final report.  It follows that the proof of claim is entitled to payment in accordance with § 726(a)(1)(A) as a priority tax claim and on a pro rata basis pursuant to 11 U.S.C. § 726(b) with other allowed priority tax claims.

However, there is a fly in the ointment:

- The IRS itself filed today, April 28, 2020, an amended proof of claim adding a priority tax claim for the year 2018 in the amount of **$2,062.00.**

- But the debtor's proof of claim asserted on behalf of the IRS a priority tax claim for the year 2018 in the amount of **$5,059.00.**[1]

---

[1] The proof of claim the debtor filed for the IRS was for the $5,059.00 of tax reported on a return the debtor filed for the short year of January 1, 2018, to June 22, 2018, pursuant to 26 U.S.C. § 1398.

That development does not alter the fact that *some* amount is owed to the IRS for the year 2018, thus requiring disapproval of the trustee's final report.

The IRS's tardily filed claim for the year 2018 (via amending its prior proof of claim which was limited to taxes for the year 2017) would not be entitled under 11 U.S.C. § 726(a)(1)(A) to payment as a tardily filed claim: it was filed more than 10 days after the trustee mailed the summary of his final report.  However, the amended claim filed by the IRS suggests that the $5,059.00 claim the debtor filed for the IRS for 2018 (reflecting the amount the debtor listed as owed on the short-year return he filed for 2018) has been paid down (or adjusted on examination of the filed return) to a balance of only $2,062.00 that the IRS recites as the claim owed for 2018.

Presumably the IRS is not asserting that it is owed both the $5,059.00 amount for the short year 2018 that the debtor claimed on its behalf and a second amount of $2,062.00 for the short year 2018.  However, the debtor and the IRS should be allowed to address whether the IRS is owed only $2,062.00 for the short year 2018.  Nevertheless, there does not appear to be any need for a full 30 days under Fed. R. Bankr. P. 3007 for them to respond in that regard.

It is thus

ORDERED that the trustee's final report is disapproved. It is further

**ORDERED that by May 15, 2020, the debtor and the IRS shall show cause, if any they have, why:**

**(1) the claim the debtor filed on behalf of the IRS for the short year 2018 ought not be reduced to $2,062.00; and**

**(2) with respect to the claim for the year 2018 asserted in the amended proof of claim filed by the IRS, that claim for the year 2018:**

**(a) ought not be disallowed as duplicative of the proof of claim the debtor filed; and, in any event,**

**(b) ought not be treated as not entitled to any payment as a priority tax claim because it was filed tardily and not within the time specified by 11 U.S.C. § 726(a)(1)(A).**

It is further

ORDERED that the trustee shall in due course:

(1) file an amended final report, providing for payment in accordance with 11 U.S.C. § 726(b) of whatever is the correct amount owed the IRS pursuant to the debtor's proof of claim filed on behalf of the IRS for the year 2018 as a priority tax claim, and

      (2) mail a summary of the amended final report to the debtor and creditors.

[Signed and dated above.]

Copies to: E-recipients; Debtor

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Attorney General
Department of Justice
Washington, DC 20530
Attention: Tax Division

Civil Process Clerk
United States Attorney's Office
555 Fourth Street, NW
Washington, DC 20530